UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 0:20-cv-62042

JOHN T. POLAND &
YARNI B. POLAND,

    Plaintiffs,

v.

JAMES E. ALBERTELLI, P.A.
d/b/a Albertelli Law,

    Defendant.
_____/

## COMPLAINT & JURY DEMAND

1. The Plaintiffs, John T. Poland and Yarni B. Poland, sue Defendant, James E. Albertelli, P.A. doing business as Albertelli Law pursuant to the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Protections Act (FCCPA).

2. Plaintiff John T. Poland is a citizen of Florida living in Broward County, Florida.

3. Plaintiff Yarni B. Poland is a citizen of Florida living in Broward County, Florida.

4. Defendant is a Florida professional association.

5. Albertelli Law is a fictious name registered in the State of Florida.

6. Defendant is the owner of the fictious name, Albertelli Law.

1

7. The Honorable Court has original jurisdiction on the FDCPA claim pursuant to 15 U.S.C. § 1692k(d).

8. The Honorable Court has supplemental jurisdiction on the FCCPA claim pursuant to 28 U.S.C. § 1667(a).

9. Venue is appropriate in this Honorable Court as Defendant violated the FDCPA and FCCPA in Broward County, Florida.

10. On October 9, 2019, Defendant sent Plaintiffs the attached two letters.

11. Plaintiffs received notice of a class action settlement in the case of *Lloyd v. James E. Albertelli, P.A.*, Case No. 0:20-cv-60300-RS.

12. On October 3, 2020, Plaintiffs excluded themselves from the *Lloyd* class action settlement.

13. Plaintiffs bring their own private causes of action against Defendant.

14. Plaintiffs reside in Davie, Florida.

15. Defendant sent each Plaintiff a debt collection letter at their home in Davie, Florida.

16. This lawsuit is filed within one year of the receipt of the letter attached to this Complaint by Plaintiffs.

17. Plaintiffs are consumers.

18. Defendant is a debt collector.

19. Defendant sought to collect debt on behalf of Wells Fargo Home Mortgage.

20. Defendant's letters violated the FDCPA.

21. Defendant's letters violated the FCCPA.

22. Defendant's letters of October 9, 2019 are identical to each other with the exception that each is addressed to a different Plaintiff.

23. Plaintiffs have been harmed by Defendant's violations of federal and state statutes regarding the collection of consumer debt.

**Count I – FDCPA Violations**

24. Plaintiffs reincorporate paragraphs 1 through 23 as if fully stated herein.

25. Plaintiffs sue Defendant pursuant to FDCPA § 813.

26. Defendant violated FDCPA § 807(3).

27. Defendant falsely represented that the letters to Plaintiffs came from an attorney.

28. Defendant's letters did not come from an attorney.

29. No attorney signed the letters.

30. Nevertheless, Defendant began its letter with the phrase: "Albertelli Law represents Wells Fargo Home Mortgage."

31. The opening clause coupled with the itemization of "Outstanding Attorney's Fees & Costs" in the top righthand corner box and the last line of the first paragraph implies that Defendant is an attorney and that Plaintiff's owe the attorney "Attorney's Fees."

32. Nowhere on the front page of the letter does Defendant disclose it is a debt collector.

33. In fact, in the second paragraph of the letters Defendant references the possibility that a lawsuit has already been filed.

34. On the back of the page, Defendant signs off "Albertelli Law."

35. After "Sincerely, Albertelli Law," Defendant in bold capitalized letters declares that the communication is from a debt collector.

36. Viewing the letters from the perspective of the least sophisticated debtor, the person receiving the letter would reasonably infer that the letter was from an attorney even though it was not.

37. Plaintiffs interpreted the letters received as coming from an attorney.

38. Plaintiffs became worried that they each received letters from an attorney demanding significant monies plus attorney's fees and costs.

39. Plaintiffs would not have had the same ill feeling had the letter come from a non-lawyer debt collector.

40. Defendant violated FDCPA § 808(1).

41. Defendant claimed that each Plaintiff owed it $840.00 in attorney's fees and costs.

42. Plaintiffs did not owe Defendant attorney's fees and costs.

43. Defendant's claim that Plaintiffs owed it attorney's fees was an unfair practice.

44. Defendant violated FDCPA §§ 809(3)&(4).

45. Defendant did not notify Plaintiffs that they had a right to contest the validity of the debt.

46. Defendant did not notify Plaintiffs that if they timely disputed the debt, or any portion of it, that Defendant had to provide verification.

47. Defendant engaged in abusive debt collection practices by not disclosing Plaintiffs their statutory rights.

48. Plaintiffs suffered as a result of Defendant's failure as the notion that they had a right to contest the validity within a reasonable period of time would have reduced their stress.

49. Defendant's letters to Plaintiffs was deceptive, false, misleading and unfair.

50. Defendant violated FDCPA §§ 807(3), 808(1), 809(3) and 809(4) as it relates to Plaintiffs.

51. Pursuant to FDCPA § 813(a)(2)(A) each Plaintiff is entitled to statutory damages of up to $1,000.00 for each of four (4) distinct FDCPA violations.

52. Alternatively, Plaintiffs are entitled to actual damages pursuant to to FDCPA § 813(a)(1).

53. Plaintiffs lost sleep, had physical pain, mental stress and increased anxiety as a direct result of Defendant's multiple FDCPA violations.

54. Plaintiffs seek attorneys' fees and costs pursuant to FDCPA § 813(a)(3).

Wherefore, Plaintiffs demand judgment, trial by jury, statutory damages for each FDCPA violation or actual damages if the jury determines they are higher than statutory damages, attorneys' fees, costs and any other relief the Honorable Court deems appropriate.

**Count II – FCCPA Violations**

55. Plaintiffs reincorporate paragraphs 1 through 23 as if fully stated herein.

56. Plaintiffs sue Defendant pursuant to Fla. Stat. § 559.77.

57. On October 9, 2020, Defendant violated the FCCPA as it related to Plaintiffs.

58. Defendant is a debt collector.

59. Defendant sought to collect a consumer debt from Plaintiffs in the State of Florida.

60. The violations occurred in Broward County, Florida.

61. On October 9, 2019, Defendant sent a false and misleading letter to each of the Plaintiffs trying to collect a debt.

62. Defendant violated Fla. Stat. § 559.72(10).

63. Defendant falsely represented that the letters to Plaintiffs came from an attorney.

64. Defendant's letters did not come from an attorney.

65. No attorney signed the letters.

66. Nevertheless, Defendant began its letter with the phrase: "Albertelli Law represents Wells Fargo Home Mortgage."

67. The opening clause coupled with the itemization of "Outstanding Attorney's Fees & Costs" in the top righthand corner box and the last line of the first paragraph implies that Defendant is an attorney and that Plaintiff's owe the attorney "Attorney's Fees."

68. Nowhere on the front page of the letter does Defendant disclose it is a debt collector.

69. In fact, in the second paragraph of the letters Defendant references the possibility that a lawsuit has already been filed.

70. On the back of the page, Defendant signs off "Albertelli Law."

71. After "Sincerely, Albertelli Law," Defendant in bold capitalized letters declares that the communication is from a debt collector.

72. Plaintiffs interpreted the letters received as coming from an attorney.

73. Plaintiffs became worried that they each received letters from an attorney demanding significant monies plus attorney's fees and costs.

74. Plaintiffs would not have had the same ill feeling had the letter come from a non-lawyer debt collector.

Wherefore, Plaintiffs demand judgment, trial by jury, statutory damages, actual damages for mental anguish, attorneys' fees, costs and any other relief the Honorable Court deems appropriate.

Respectfully submitted this 7th day of October 2020,

/s/ Bernard R. Mazaheri  
Bernard R. Mazaheri  
Florida Bar Number 643971  
Mazaheri & Mazaheri  
325 Shelby Street  
Frankfort, Kentucky 40601  
Tel – (502) 475-8201  
Email – bernie@thelaborfirm.com

*Counsel for Plaintiff*



PO Box 23028, Tampa, FL, 33623
Phone: 813.221.4743 | Fax: 813.221.9171 | alaw.net

October 9, 2019

| | |
|---|---|
| Principal Balance: | |
| Interest through date above: | |
| Late Charges: | |
| Escrow Advances: | |
| Corporate Advances: | |
| Outstanding Attorney's Fees & Costs: | $840.00 |
| Escrow Balance: | |
| Total Claim: | |

John T Poland
▇▇▇▇▇▇
Davie, FL 33330

RE: Property: ▇▇▇▇▇▇ Davie, FL 33330
Loan Number: ▇▇▇▇▇▇
Albertelli File Number: 19-022550

Dear Sir/Madam:

    Albertelli Law represents Wells Fargo Home Mortgage, the creditor and servicer of a loan related to the property at ▇▇▇▇▇▇ Davie, FL 33330 and this communication is governed by the Fair Debt Collection Practices Act "FDCPA", 15 USCS §§ 1692 et seq. As of today's date, our records indicate that based upon the terms of the Promissory Note and Mortgage associated with this loan, you owe the Total Claim amount listed above. An itemization of the unpaid balance, unliquidated damages and other contractual costs are provided above. Also, the terms of the Promissory Note and Mortgage also entitle the creditor to recover attorney's fees and costs which is the Outstanding Attorney's Fees & Costs listed above. Per the FDCPA:

    IF, WITHIN THIRTY (30) DAYS AFTER YOU RECEIVE THIS NOTICE, YOU NOTIFY US, AS STATED ABOVE, THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED AND/OR THAT YOU REQUEST, VALIDATION AND/OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, THE FAIR DEBT COLLECTION PRACTICES ACT REQUIRES US TO CEASE OUR COLLECTION EFFORTS, EVEN IF WE HAVE ALREADY FILED THE LAWSUIT, UNTIL WE MAIL YOU INFORMATION VALIDATING THE DEBT AND/OR UNTIL WE PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR.

    All correspondence with our firm should be directed to the following address: **Albertelli Law, P.O. Box 23028, Tampa, FL 33623**

**IF YOU ARE CURRENTLY PURSUING LOSS MITIGATION WITH THE CREDITOR OR A DEBTOR IN BANKRUPTCY:**

    Please be advised that if you are currently pursuing loss mitigation with the creditor, or a debtor in bankruptcy or have been discharged in bankruptcy, this letter is provided to you for informational purposes to notify you of our Firm's legal retention. You should consult legal counsel regarding your obligations, if any, to pay the

mortgage loan. If you previously received a discharge in a bankruptcy case involving this loan and did not sign a reaffirmation agreement, then this letter is not an attempt to collect a debt from you personally. This law firm is seeking solely to foreclose the creditor's lien on real estate and this law firm will not be seeking a personal money judgment against you.

Sincerely,
Albertelli Law

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**



PO Box 23028, Tampa, FL  33623
Phone: 813.221.4743 | Fax: 813.221.9171 | alaw.net

October 9, 2019

| | |
|---|---|
| Principal Balance: | ▇ |
| Interest through date above: | ▇ |
| Late Charges: | ▇ |
| Escrow Advances: | ▇ |
| Corporate Advances: | ▇ |
| Outstanding Attorney's Fees & Costs: | $840.00 |
| Escrow Balance: | ▇ |
| Total Claim: | ▇ |

Yarni B Poland
▇
Davie, FL  33330

RE:  Property: ▇ Davie, FL 33330
Loan Number: ▇
Albertelli File Number: 19-022550

Dear Sir/Madam:

    Albertelli Law represents Wells Fargo Home Mortgage, the creditor and servicer of a loan related to the property at ▇ Davie, FL 33330 and this communication is governed by the Fair Debt Collection Practices Act "FDCPA", 15 USCS §§ 1692 et seq. As of today's date, our records indicate that based upon the terms of the Promissory Note and Mortgage associated with this loan, you owe the Total Claim amount listed above. An itemization of the unpaid balance, unliquidated damages and other contractual costs are provided above. Also, the terms of the Promissory Note and Mortgage also entitle the creditor to recover attorney's fees and costs which is the Outstanding Attorney's Fees & Costs listed above.  Per the FDCPA:

    IF, WITHIN THIRTY (30) DAYS AFTER YOU RECEIVE THIS NOTICE, YOU NOTIFY US, AS STATED ABOVE, THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED AND/OR THAT YOU REQUEST, VALIDATION AND/OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, THE FAIR DEBT COLLECTION PRACTICES ACT REQUIRES US TO CEASE OUR COLLECTION EFFORTS, EVEN IF WE HAVE ALREADY FILED THE LAWSUIT, UNTIL WE MAIL YOU INFORMATION VALIDATING THE DEBT AND/OR UNTIL WE PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR.

    All correspondence with our firm should be directed to the following address: **Albertelli Law, P.O. Box 23028, Tampa, FL  33623**

**IF YOU ARE CURRENTLY PURSUING LOSS MITIGATION WITH THE CREDITOR OR A DEBTOR IN BANKRUPTCY:**

    Please be advised that if you are currently pursuing loss mitigation with the creditor, or a debtor in bankruptcy or have been discharged in bankruptcy, this letter is provided to you for informational purposes to notify you of our Firm's legal retention.  You should consult legal counsel regarding your obligations, if any, to pay the

mortgage loan. If you previously received a discharge in a bankruptcy case involving this loan and did not sign a reaffirmation agreement, then this letter is not an attempt to collect a debt from you personally. This law firm is seeking solely to foreclose the creditor's lien on real estate and this law firm will not be seeking a personal money judgment against you.

Sincerely,
Albertelli Law

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**